## WILBUR J. COSTELLO v. RALPH R. BARRY.[1]

April 1, 1938.

No. 31,631.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Jackson L. Boughner,* for appellant.

*Reece J. McGee,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order of the municipal court of St. Paul denying defendant's alternative motion for judgment notwithstanding the verdict or a new trial.

The action involved a suit for services claimed to have been rendered by plaintiff in defendant's behalf. Plaintiff was a law school graduate but had not been admitted to the bar at the time of the transactions involved herein. Defendant was then an attorney practicing his profession in South St. Paul but has since moved to Arizona.

It is the claim of plaintiff that about July, 1934, he accompanied one Elvin E. Goin, his intended father-in-law, to defendant's office for the purpose of interviewing defendant concerning an action for assault which Goin proposed bringing against one Alex Premo. The conference resulted in defendant's employment to institute and

[1]Reported in 278 N. W. 580.

try such action on a contingent fee basis of 50 per cent. The trial of the case resulted in a verdict in favor of Goin for $2,000. An appeal to this court resulted in an affirmance. Goin v. Premo, 196 Minn. 74, 264 N. W. 219.

Plaintiff contends that at the time of the employment of defendant by Goin he entered into an agreement with defendant whereby he was to interview witnesses and otherwise assist defendant in the preparation of the Goin case for trial in consideration of which he was to be paid a reasonable fee for the services rendered. He further claims that he later assisted defendant in the preparation of the case and that after its trial in district court he had a conversation with defendant wherein the latter agreed to pay plaintiff the sum of $200 provided the verdict was sustained on appeal and paid. That it was thereafter paid is not disputed.

Defendant denies that he employed plaintiff and maintains that whatever association he had with plaintiff resulted from a misrepresentation by the latter that he was a licensed attorney. He further contends that he never agreed to pay plaintiff for services other than a nominal amount for serving some papers and contends that all sums so earned were paid. Plaintiff insists that he did not misrepresent his status as an attorney and maintains that defendant at all times knew that he was not authorized to practice law.

It seems to us that the only issues in the case were: (1) Was there a contract of employment between plaintiff and defendant, and (2) if such a contract existed, the amount plaintiff was entitled to thereunder. The trial court in its instructions related the claims of the respective parties and instructed the jury that in order for plaintiff to recover it was necessary for him to prove by a fair preponderance of the evidence that he rendered services for defendant, as a layman, under an agreement whereby he was to be paid either a definite sum or reasonable compensation for the services rendered. The charge in that respect was clear and definite, and the jury was justified in finding that a contract as contended for by plaintiff had been entered into and that the reasonable value of plaintiff's services was the sum of $200, being the amount of the verdict. The trial court also instructed the jury that

"if the plaintiff, Costello, fails to sustain his burden of proof pertaining to the proposition that the agreement was made with him as a layman, and on the other hand you find that the defendant Barry agreed to compensate Costello only as a practicing attorney and upon Costello's representation that he was such and that Costello did so represent himself to be and that Barry did not know that Costello was not licensed to practice law and did not agree to compensate him as a layman known to be such, then you will bring in a verdict in favor of the defendant." Whether such instruction was necessary under the evidence and claims of the parties we need not decide, but in any event the jury by its verdict resolved against the defendant upon the issue as to whether plaintiff had misrepresented his status as an attorney at the time of the employment, and defendant was not prejudiced by its submission.

Stress is laid by appellant upon the substance of a retainer contract between Goin and the defendant, and error is alleged because of the failure of the court to give certain instructions concerning such retainer agreement. We do not see that there is involved in this case any question concerning the employment agreement between defendant and Goin in which plaintiff might have been, either directly or indirectly, interested. The case was instituted and tried upon the theory of an employment between plaintiff and defendant, and that issue was the only issue for consideration by the trial court and by this court.

The order appealed from is affirmed.